UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
SOIL SOLUTIONS, INC.,

Case No.   17-3279

Plaintiff,

-against-                                        COMPLAINT

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.
---------------------------------------------------------------------X

Plaintiff, Soil Solutions, Inc. (Soil Solutions), by counsel, files and serves this Complaint against defendant, Liberty Mutual Insurance Company (Liberty).

I.
THE PARTIES, JURISDICTION AND VENUE

1.    Soil Solutions is a corporation organized and existing under the laws of the State of New York, with its principal office and place of business located at 110 Cherry Valley Avenue, West Hempstead, New York.  Soil Solutions is engaged in the business of foundation construction, including, but not limited to, site stabilization, load testing and installation of caissons.

2.    Upon information and belief, Liberty is a surety company authorized to engage in the business of contract suretyship in the State of New York, with its principal office and place of business located at 1200 MacArthur Boulevard, Mahwah, New Jersey 07430.

3.    The amount in controversy in this proceeding, exclusive of interest, costs and attorney's fees, exceeds $75,000.

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5.     Venue is proper because the underlying construction project that is the subject of this litigation is located within this District.

II.
THE FACTS

6.     Upon information and belief, on or before April 17, 2015, the New York City Transit Authority (NYCTA) entered into a written agreement with MPCC Corp. (MPCC), Contract # C-43753 (the Prime Contract), for the construction and improvement project known as the New Bus Command Center at East New York, Brooklyn, New York (the Project).

7.     Upon information and belief, in furtherance of MPCC's obligations under the Prime Contract, on or about April 17, 2015, MPCC, as principal, and Liberty, as surety, executed and delivered to NYCTA, as obligee, a labor and material payment bond, denominated as Bond No. 015046077 (the Bond), for the protection of all persons supplying labor and materials in the prosecution of the work provided for the Project.  A copy of the Bond is attached to this Complaint as Exhibit A.

8.     On or about December 4, 2015, in furtherance of the Prime Contract, MPCC entered into a subcontract agreement with Soil Solutions for Soil Solutions to furnish all labor, material, equipment, services for the site stabilization, load testing and installation of mini-caissons and related materials for the Project, in the agreed upon base price of $2,350,000 (the Subcontract).

9.     During the course of Soil Solutions' performance of its work on the Project, MPCC and/or NYCTA directed Soil Solutions to perform additional and/or extra work, labor and services and provide additional materials in the amount of $122,410, which was in addition to what was required under the Subcontract.

COMPLAINT – PAGE 2

10.     During the course of Soil Solutions' performance of its work on the Project, MPCC and/or NYCTA directed Soil Solutions not to perform certain testing work, which was required to be performed under the Subcontract.

11.     The reasonable value of the unperformed testing work is approximately $47,758, which is a credit to and/or reduction of the Subcontract price.

12.     Soil Solutions may be required to submit a report to MPCC and/or NYCTA, the value of which is estimated to be $1,000.

13.     If Soil Solutions is required to submit the report, it is entitled to payment of $1,000, however, if the submission of the report is not required, this amount shall be a credit to and/or reduction of the Subcontract price.

14.     Soil Solutions entered upon and fully and properly performed the labor and provided the materials required under the Subcontract.

15.     Soil Solutions' last date of work on the Project was on or about August 30, 2016.

16.     MPCC has paid to Soil Solutions the sum $1,942,802, leaving the balance of $480,850 due and owing to Soil Solutions, which amount provides a credit for the unperformed testing work in the amount of $47,758 and report in the amount of $1,000.

17.     More than ninety (90) days have elapsed since the adjusted Subcontract balance of $480,850 has been requisitioned by and/or become due and owing to Soil Solutions pursuant to the Subcontract.

18.     Despite demand, MPCC has failed and refused to pay the amount due and owing to Soil Solutions under the Subcontract.

III.
CAUSE OF ACTION

Count I
(Payment Bond Claim)

19.     Soil Solutions repeats and realleges each of its allegations in Paragraphs 1 through 18 of this Complaint.

20.     Notwithstanding Soil Solutions' demands for payment, the Subcontract balance of $480,850 has not been paid by MPCC and there is now justly due and owing to Soil Solutions the sum of $480,850, the same also being the reasonable value of labor performed and materials and equipment furnished by Soil Solutions to perform the Subcontract work.

21.     Upon information and belief, the Project has not been completed.

22.     Upon information and belief, less than two years has elapsed since the complete performance of the Prime Contract.

23.     Pursuant to the Bond and applicable law, Liberty is obligated to pay for all amounts due subcontractors of MPCC, including Soil Solutions, which MPCC failed or refused to pay in connection with the Project.

24.     By virtue of the Bond, Soil Solutions is entitled to recover the sum not less than $480,850 from Liberty.

25.     All conditions precedent for the bringing and maintenance of this action have been performed, have occurred or have otherwise been satisfied.

WHEREFORE, Soil Solutions, Inc., requests as follows:

1.     On Count I, judgment against Liberty Mutual Insurance Company in the sum of $480,850, together with applicable interest and the costs of this action; and

2.     For any additional relief the Court deems just and proper.

COMPLAINT – PAGE 4

Dated:  Uniondale, New York
       May 31, 2017

                                     SOIL SOLUTIONS, INC.


                                     By:_____/s/_____
                                         Michael J. Rosenthal (MR-9015)

Michael J. Rosenthal, Esq.
WESTERMANN SHEEHY KEENAN
SAMAAN & AYDELOTT, LLP
The Omni Building, Suite 702
333 Earle Ovington Blvd.
Uniondale, New York 11553
(516)794-7500

Counsel for plaintiff,
Soil Solutions, Inc.

<u>COMPLAINT – PAGE 5</u>

EXHIBIT A

FORM OF PAYMENT BOND

Bond # 015 046 077

**PAYMENT BOND**

**CONTRACT: <u>C-43753</u>**

KNOW    ALL    PERSONS    BY    THESE    PRESENTS,    that<sup>•</sup>

MPCC CORP., a Corporation Organized Under the Laws of the State of New York _____, of

81 Rockdale Ave., New Rochelle, NY  10801

(hereinafter called the "Contractor") and  **LIBERTY MUTUAL INSURANCE COMPANY**

1200 MacArthur Blvd., Mahwah, NJ 07430

(hereinafter called the "Surety"), are held and firmly bound unto the Metropolitan Transportation

Authority (hereinafter called the "Contracting Party"), acting by the New York City Transit Authority,

(hereinafter    called    the    "Authority"),    in    the    sum    of

**Fifty Million Two Hundred Seventy-Three Thousand Seven Hundred Seventy-Three and no cents** dollars

($ 50,273,773.00** _____ ), lawful money of the United States of America, to be paid to the Contracting

Party and the Authority, for which payment well and truly to be made, the Contractor and the Surety

do hereby bind themselves jointly and severally and their, and each of their executors, administrators,

successors and assigns firmly by these presents.

---

<sup>•</sup> Insert Contractor's name.  If a corporation, give the State of incorporation, also using the phrase "a corporation organized under the laws of _____."  If a partnership, give full names of partners, also using the phrase, "co-partners, doing business under the firm name of _____."  If a joint venture, give the name of the joint venture or the names of the joint venturers, also using the phrase "a joint venture formed under the laws of _____."  If an individual using a trade name, give individual name, using also the phrase, "an individual doing business under the trade name of _____."

FORM OF PAYMENT BOND

**WHEREAS**, the Contractor is seeking to enter, or has entered, into a contract known as Contract C-43753, a copy of which Contract is annexed to and hereby made a part of this bond as though herein set forth in full:

**NOW, THEREFORE**, the conditions of this obligation are such that if the Contractor, its representatives or assigns and other subcontractors to who work under this Contract is sublet and his/her or their successors and assigns shall promptly pay or cause to be paid all lawful claims for:

(a)     Wages and compensation for labor performed and services rendered by all persons engaged in the prosecution of the Project under said Contract, and any amendment or extension thereof or addition thereto, whether such persons are agents, servants or employees of the Contractor or of any such subcontractor, including all persons so engaged who perform the work of laborers or mechanics at or in the vicinity of the site of the Project regardless of any contractual relationship between the Contractor or subcontractors, or his/her or their successors or assigns, on the one hand and such laborers or mechanics on the other, but not including office employees not regularly stationed at the site of the Project; and

(b)     Materials and supplies (whether incorporated in the permanent structure or not), as well as vehicles, fuels, oils, implements or machinery furnished, used or consumed by said Contractor or any subcontractor at or in the vicinity of the site of the Project in the prosecution of the Project under said Contract and any amendment or extension thereof or addition thereto; then this obligation shall be void; otherwise to remain in full force and effect.

This bond is subject to the following additional conditions, limitations and agreements:

(a)     The Contractor and Surety agree that this bond shall be for the benefit of any materialperson or laborer having a just claim, as well as the Contracting Party or the Authority itself.

(b)     All persons who have performed labor, rendered services or furnished materials and supplies as aforesaid, shall have a direct right to action against the Contractor and its successors and assigns, and the Surety herein, or against either or both of any of them and their successors and assigns.  Such person may sue in his/her own name, and may prosecute the suit to judgment and execution without the necessity of joining with any other person as party plaintiff.

FORM OF PAYMENT BOND

(c)     The Contractor and Surety agree that neither of them will hold the Contracting Party and/or Authority liable for any judgment for costs or otherwise, obtained by either the Contractor or Surety or both of them against a laborer or materialperson in a suit brought by either a laborer or materialperson under this bond for monies allegedly due for performing work or furnishing material.

(d)     The Surety or its successors and assigns shall not be liable for any compensation recoverable by an employee or laborer under the Workers' Compensation Law.

(e)     In no event shall the Surety, or its successor or assigns, be liable for a greater sum than the amount of its bond or be subject to any suit, action or proceeding hereon that is instituted by any person, firm, or corporation hereunder later than two (2) years after the complete performance of said Contract and final settlement thereof.

The Contractor, for itself and its successors and assigns, and the Surety, for itself and its successors and assigns, do hereby expressly waive any objection that might be interposed as to the right of the Contracting Party or the Authority to require a bond containing the foregoing provisions, and they do hereby further expressly waive any defense which the Contractor or Surety or either of them might interpose to an action brought hereon by any person, firm or corporation, including subcontractors, materialpersons and third persons, for work, labor, services, supplies or material performed, rendered, or furnished as aforesaid upon the ground that there is no law authorizing the Contracting Party or the Authority to require the foregoing provisions to be placed in this bond.

And the Surety, for value received, for itself and its successors and assigns, hereby stipulates and agrees that the obligation of said Surety, and its bond shall be in no way impaired or affected by any extension of time, modification, omission, addition, or change in or of the said Contract or the work to be performed thereunder, or by any payment thereunder before the time required therein, or by any waiver of any provision thereof, or by any assignment, subletting or other transfer thereof or of any part thereof, or of any work to be performed or any monies due or to become due thereunder and said Surety does hereby waive notice of any and all of such extensions, modifications, omissions, additions, changes, payments, waivers, assignments, subcontracts and transfers, and hereby expressly stipulate and agrees that any and all things done and omitted to be done by and in relation to assignees, subcontractors, and other transferees shall have the same effect as to said Surety as though done or omitted to be done by or in relation to said Contractor.

FORM OF PAYMENT BOND

**IN WITNESS WHEREOF,** the Contractor and the Surety have hereunto set their hands and seals, and such of them as are corporations have caused their corporate seals to be hereunto affixed and these presents to be signed by their proper officers, this ____17th____ day of ____April____, 20 15.

(Seal)

MPCC CORP.
Contractor's Name

By _____
Contractor's Authorized Signature*

Joseph Urbinati, Jr.
Print Name

President
Title

Attest: _____
Secretary Debra Cornett

(Seal)

By LIBERTY MUTUAL INSURANCE COMPANY
Surety's Name

_____
Authorized Signature

Carl W. Bull, Attorney-In-Fact
Print Name

---

* If the Contractor is a partnership, the bond should be signed by one of the partners in the firm name.

If the Contractor is a corporation, the bond should be signed in its correct corporate name by a duly authorized officer, agent, or attorney-in-fact.

If the Contractor is a joint venture, the bond should be signed by an individual duly authorized by the parties of the joint venture to act for the joint venture.

The number of original bonds to be executed should correspond with the number of originals of the Contract to be executed.

FORM OF PAYMENT BOND

## ACKNOWLEDGMENT FOR CONTRACTOR

STATE OF NEW YORK          )
                           ) SS.:
COUNTY OF WESTCHESTER      )

On this __17th__ day of __April_____ __2015__, before me personally appeared __Joseph Urbinati, Jr._____, known to me to be the person who executed the foregoing instrument, who, being duly sworn by me did depose and say that s/he resides at __79 Rye Ridge Road_____, in the City of __Harrison_____, in the County of __Westchester_____, in the State of __New York._____; and further that s/he:

*[Mark an X in the appropriate box and complete the accompanying statement.]*

☐  *(If an individual)*: executed the foregoing instrument in her/his name and on her/his own behalf.

☒  *(If a corporation)*: is the ___President_____ of __MPCC Corp._____, the corporation in said instrument; that, by authority of the Board of Directors of said corporation, s/he is authorized to execute the foregoing instrument on behalf of the corporation for the purposes set forth therein; and that, pursuant to that authority, s/he executed the foregoing instrument in the name of and on behalf of said corporation as the act and deed of said corporation.

☐  *(If a partnership)*: is the _____ of _____, the partnership described in said instrument; that, by the terms of said partnership s/he is authorized to execute the foregoing instrument on behalf of the partnership for the purposes set forth therein; and that, pursuant to that authority, s/he executed the foregoing instrument in the name of and on behalf of said partnership as the act and deed of said partnership.

☐  *(If a limited liability company)*: is a duly authorized member of _____ LLC, the limited liability company described in said instrument; that, s/he is authorized to execute the foregoing instrument on behalf of the limited liability company for the purposes set forth therein; and that, pursuant to that authority, s/he executed the foregoing instrument in the name of and on behalf of said limited liability company as the act and deed of said limited liability company.

_____
Notary Public

JOAN M. ANDERSON
Notary Public, State of New York
No. 01AN6092854
Qualified in Westchester County
Commission Expires May 27, 2019

7/06        Schedule R - MTA                                    Page 5 of 5

## Acknowledgment of Surety

State of ___New Jersey___ )

County of ___Hudson___ )  ss.:

On this ___17th___ day of ___April___, ___2015___ before me personally came ___Carl W. Bull___ to me known, who, being by me duly sworn, did depose and say that he is an ___Attorney-In-Fact___ of ___LIBERTY MUTUAL INSURANCE COMPANY___ the corporation described in and which executed the within instrument; that he knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolution therefore.

Notary: *Barbara Zitt*

BARBARA ZITT
NOTARY PUBLIC NEW JERSEY
ID NO. 2219804
QUALIFIED IN PASSAIC COUNTY
COMMISSION EXPIRES 10/27/18



**LIBERTY MUTUAL INSURANCE COMPANY**

**FINANCIAL STATEMENT — DECEMBER 31, 2013**

| Assets | | Liabilities | |
|---|---|---|---|
| Cash and Bank Deposits............................... | $1,118,180,550 | Unearned Premiums................................ | $5,940,431,054 |
| *Bonds — U.S Government.......................... | 1,888,225,943 | Reserve for Claims and Claims Expense................ | 17,305,063,560 |
| *Other Bonds........................................ | 12,039,490,815 | Funds Held Under Reinsurance Treaties................ | 212,659,311 |
| *Stocks.............................................. | 9,030,962,112 | Reserve for Dividends to Policyholders................ | 1,226,236 |
| Real Estate.......................................... | 251,301,907 | Additional Statutory Reserve......................... | 63,348,980 |
| Agents' Balances or Uncollected Premiums........... | 4,781,042,931 | Reserve for Commissions, Taxes and | |
| Accrued Interest and Rents........................... | 149,855,386 | Other Liabilities................................. | 5,826,683,629 |
| Other Admitted Assets............................... | 15,216,749,451 | Total............................................. | $29,349,412,770 |
| | | Special Surplus Funds............... $55,686,852 | |
| | | Capital Stock............................ 11,250,000 | |
| | | Paid in Surplus........................ 7,898,288,167 | |
| | | Unassigned Surplus.................. 7,161,171,306 | |
| **Total Admitted Assets.............................** | **$44,475,809,095** | **Surplus to Policyholders............................** | **15,126,396,325** |
| | | **Total Liabilities and Surplus........................** | **$44,475,809,095** |



\* Bonds are stated at amortized or investment value; Stocks at Association Market Values.
The foregoing financial information is taken from Liberty Mutual Insurance Company's financial
statement filed with the state of Massachusetts Department of Insurance.

I, TIM MIKOLAJEWSKI, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the foregoing is a true, and
correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2013, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 20th day of
March, 2014.

Assistant Secretary

S-1262LMIC/a 4/13

**THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.**
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

Certificate No. 6717914

American Fire and Casualty Company
The Ohio Casualty Insurance Company

Liberty Mutual Insurance Company
West American Insurance Company

# POWER OF ATTORNEY

KNOWN ALL PERSONS BY THESE PRESENTS: That American Fire & Casualty Company and The Ohio Casualty Insurance Company are corporations duly organized under the laws of the State of New Hampshire, that Liberty Mutual Insurance Company is a corporation duly organized under the laws of the State of Massachusetts, and West American Insurance Company is a corporation duly organized under the laws of the State of Indiana (herein collectively called the "Companies"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint, __Barbara Zitt; Carl W. Bull__

all of the city of __WEST NEW YORK__, state of __NJ__ each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Companies in their own proper persons.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Companies and the corporate seals of the Companies have been affixed thereto this __19th__ day of __September__, __2014__.

American Fire and Casualty Company
The Ohio Casualty Insurance Company
Liberty Mutual Insurance Company
West American Insurance Company

By: _David M. Carey_
David M. Carey, Assistant Secretary

STATE OF PENNSYLVANIA        ss
COUNTY OF MONTGOMERY

On this __19th__ day of __September__, __2014__ before me personally appeared David M. Carey, who acknowledged himself to be the Assistant Secretary of American Fire and Casualty Company, Liberty Mutual Insurance Company, The Ohio Casualty Insurance Company, and West American Insurance Company, and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires March 28, 2017
Member, Pennsylvania Association of Notaries

By: _Teresa Pastella_
Teresa Pastella, Notary Public

This Power of Attorney is made and executed pursuant to and by authority of the following By-laws and Authorizations of American Fire and Casualty Company, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company which resolutions are now in full force and effect reading as follows:

**ARTICLE IV – OFFICERS** – Section 12. Power of Attorney. Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and execution of any such instruments and to attach thereto the seal of the Corporation. When so executed, such instruments shall be as binding as if signed by the President and attested to by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

**ARTICLE XIII – Execution of Contracts – SECTION 5. Surety Bonds and Undertakings.** Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

**Certificate of Designation** – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes David M. Carey, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

**Authorization** – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature of any assistant secretary of the Company, wherever appearing upon a certified copy of any power of attorney issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, Gregory W. Davenport, the undersigned, Assistant Secretary, of American Fire and Casualty Company, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy of the Power of Attorney executed by said Companies, is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this __17th__ day of __April__, 20 __15__.



By: _Gregory W. Davenport_
Gregory W. Davenport, Assistant Secretary

*Not valid for mortgage, note, loan, letter of credit, currency rate, interest rate or residual value guarantees.*

*To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.*